UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA

        -against-                  AFFIRMATION
                                        05 CR 185 (AKH)

WILLIAM HENRIQUEZ,

        Defendant.

-----------------------------------------------X

        JOEL M. STEIN, ESQ., being an attorney duly admitted to practice law in this Court and in the Courts of the State of New York, hereby affirms under penalty of perjury:

1.     I am counsel for the defendant WILLIAM HENRIQUEZ in the above-captioned matter, and as such, I am fully familiar with the facts and circumstances thereof.

2.     This affirmation is submitted in support of the defendant's application for an order to preclude the government from cross-examination of the defendant or from rebuttal of other evidence or counsel's arguments concerning statements attributed to him at a proffer meeting with representatives of the government on September 24, 2003, on the ground that the defendant was not provided effective assistance of counsel at said meeting.

3.     In 2003 the defendant was charged in indictment 03 CR 788 (BSJ) with illegal entry into the United States after having been deported, in violation of 8 U.S.C. § 1326 (a) and (b) (2). At that time Mr. Henriquez was represented by Valerie Amsterdam, a former attorney who has since been disbarred after her plea of guilty to charges in an indictment (04 CR 0384 (ADS), E.D.N.Y.) which alleged, inter alia, that she conspired to defraud the United States by submitting fraudulent applications for appointment of counsel under the Criminal Justice Act (exhibit A).

4.     During the pendency of the 2003 indictment for illegal entry, the government was investigating the crimes which are the subject of the instant

indictment, which include a homicide as alleged in §2(d) of count one, as well as a second incident involving a homicide which has not been the subject of a prosecution.

5. On September 24, 2003 the defendant, represented by Ms. Amsterdam, attended a proffer meeting with representatives of the government. Before the interview began, the defendant, according to the Assistant United States Attorney assigned to this matter, was advised of the terms of the proffer agreement (exhibit B). The proffer agreement provides, inter alia, that the government would not offer in evidence, during its case-in-chief or sentencing, any statements made by the client at the meeting, except in a prosecution for false statements, obstruction of justice or perjury. However, the statements may be used to obtain leads to other evidence, to cross-examine the defendant or to rebut any evidence or arguments offered by or on behalf of a client at any stage of the criminal prosecution in any prosecution brought against the defendant.

6. At the proffer meeting, various statements which are the subject of the instant application were attributed to the defendant (exhibit C).

7. On February 17, 2005 the defendant was charged in the instant indictment which alleges a Hobbs Act robbery and conspiracy which includes as an overt act the shooting death of an individual by a co-conspirator, in violation of 18 U.S.C. § 1951, as well as carrying and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924 (c) (1) (A) (iii) and 2. The homicide carries the potential for capital punishment. See 18 U.S.C. § 3591.

8. It is my understanding that because a significant part of the government's case is based upon the testimony of cooperating witnesses, the defendant's potential information would have been unlikely to substantially assist the government. Although that determination is by law the government's to make, (see, U.S.S.G. § 5K1.1.), counsel for the defendant must offer an informed opinion to her client as part of plea discussions. Advising the defendant to participate in a proffer meeting with the government, notwithstanding the limited protection of a proffer agreement, exposes the defendant to the exceptions to the protections of the proffer agreement, but without the reasonable prospect of the

benefits of a motion for a downward departure by the government based upon substantial assistance. The danger of exposing himself is infinitely magnified by the fact that this momentous decision to participate in a proffer meeting was in the context of a potential capital prosecution. Accordingly, advising the defendant to participate in a proffer meeting with the government with no apparent advantages and with serious potential consequences rendered the assistance provided by counsel ineffective.

9. In addition to failing to evaluate the apparent unlikely prospect of a benefit to the defendant from a proffer meeting with the government, counsel for the defendant at that time also failed to discuss and prepare him in any way for his participation in the proffer meeting. The defendant has averred that prior to the proffer meeting with the government, Ms. Amsterdam did not discuss with him the subject of the investigation of the prospective charges alleged in this indictment (exhibit D). Since the government presumably had no interest in the defendant's cooperation concerning his illegal entry into the United States, counsel had a duty to determine the subject of the proffer meeting, discuss that with her client and review with him the benefits and risks of cooperation. Because defendant's counsel failed to fulfill that duty, she did not effectively advise her client in weighing his options.

WHEREFORE, it is respectfully requested that the relief sought herein be granted with such other and further relief as may be just and proper.

Dated: New York, New York
April 17, 2006

Yours, etc.

Joel M. Stein, Esq.