UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Respondent,

    -against-

WILLIAM HENRIQUEZ,

              Defendant.

NOTICE OF MOTION
PURSUANT TO
18 U.S.C. §3621 [B][2][3][4]
AND 18 U.S.C. §3584

05 Cr. 185 (AKH)
JUDGE HELLERSTEIN

[Handwritten annotation: My order dated March 25, 2011 (Doc. no. 81) denied this motion. Defendant it as a motion for rehearing and deny it again. Since no public rights are affected, an appeal is not certified. See 28 U.S.C. §2253. 10/28/11 /s/ AKH]

PLEASE TAKE NOTICE, that upon the annexed affidavit of WILLIAM HENRIQUEZ, the defendant, above named, and, upon all of the proceedings heretofore had herein, a motion will be made pursuant to 18 U.S.C. §3621 [B][2][3][4] and 18 U.S.C. §3584, at a Criminal Term of this Court on or about the 30th day of November 2011 at the Daniel Patrick Moynihan United States Courthouse, located at 500 Pearl Street, New York, New York at 10:00 o'clock in the forenoon of that day or as soon thereafter as may be heard, for an Order, directing that the defendant (William Henriguez) be transferred from State to Federal Custody, and that the time spent in State Custody be credited concurrently with his Federal sentence, imposed by This Court on the 26th day of October 2007. Defendant files this Notice of Motion due to his sentence structure from the State Court of 15 years' determinate with five years' post release supervision, which was ordered to run (concurrent) with his Federal Sentence of twenty years', which predates his State sentencing by thirty days.

Dated:    October 2011
            Ossining, New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/11

RECEIVED
OCT 28 2011
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

UNITED STATES V. HENRIQUEZ, 05 Cr. 185 (AKH)                     1

Respectfully submitted,

*[signature]*
WILLIAM HENRIQUEZ, Defendant Pro Se
DIN#08-A-4127
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

TO: Ms. Jessica A. Masella, Esq.,
Assistant United States Attorney
Southern District of New York
**THE SILVIO J. MOLLO BUILDING**
One Saint Andrews Plaza
New York, New York 10007

Hon. Robert T. Johnson, Esq.,
Bronx County District Attorney
198 East 161st Street
Bronx, New York 10451

U.S. Department of Justice
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

Hon. Brian Fischer, Commissioner
STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY SUPERVISION
The Harriman State Office Campus #2
1220 Washington Avenue
Albany, New York 12226-2050

UNITED STATES V. HENRIQUEZ, 05 Cr. 185 (AKH)     2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Respondent,

-Against-

WILLIAM HENRIQUEZ,

Defendant.

AFFIDAVIT IN SUPPORT
OF MOTION
PURSUANT TO
18 U.S.C. §3621 [B][2][3][4]
AND 18 U.S.C.§3584

05 Cr. 185 (AKH)
JUDGE HELLERSTEIN

STATE OF NEW YORK     )
COUNTY OF WESTCHESTER) SS:

WILLIAM HENRIQUEZ, being duly sworn, deposes and says:

1. That he is the defendant in the above-captioned Matter [05 Cr. 185 (AKH)] and the defendant in Bronx County New York [Indictment No. 2951-2007].

2. That the defendant is currently an inmate of the New York State Department of Corrections And Community Supervision at the Sing Sing Correctional Facility located at 354 Hunter Street, Ossining, New York, under Identification number [DOCCS] #08-A-4127.

3. That on or about March 7, 2005, the defendant was arrested and charged by Federal authorities with various criminal activities, following which the defendant was convicted in United States District Court for the Southern District of New York (Hellerstein, J.) at trial and sentence. Defendant was convicted of Count 2, Robbery (18 U.S.C. §1951) and thereafter sentenced on or about October 26, 2007 to a maximum term of 20 years' imprisonment; a maximum term of three

years' supervised release; a maximum fine of $250,000; a mandatory $100 special assessment. **[Exhibit 1]**

4. While awaiting disposition in his Federal case, and following commencement of his Federal prosecution, the State of New York (Bronx County) initiated criminal proceedings against defendant under indictment #2957-2007, charging the defendant with the death of a person. Following defendant's sentencing by Judge Hellerstein, and in full satisfaction of the State charge, the defendant was sentenced by the New York State Supreme Court (Bronx County) (Byrne, J.) to a term of imprisonment of 15 years'; a maximum term of five years post release supervision; a $250. mandatory surcharge; a $20. crime victims assistance fee. At sentencing, the State Court ordered that defendant's State time to run (concurrent) to his Federal Sentence. **[Exhibit 2]**

5. Thereafter, the defendant was received into State custody for purposes of reception and classification.

6. On or about April 28, 2010, the defendant submitted a letter to This Court requesting the Court's assistance in securing his transfer to the custody of the Federal Bureau of Prisons. And, on or about May 13, 2010, This Court received a letter from (Jose A. Santana) Chief of the Designation and Sentence Computation Center of the Federal Bureau of Prisons, indicating that the defendant had requested credit toward his Federal sentence for his time in State custody. Mr. Santana wrote that although the Bureau of Prisons will make an independent determination as to defendant's request, it would take into consideration the Sentencing Court's position. The letter requested that the Court state its position within sixty days. **[Exhibit 3]**.

7. Thereafter, and on or about, May 24, 2010, This Court made the following statement: "Because this Court had no knowledge of the State prosecution at the time it sentenced Mr. Henriquez, it take no position on whether Mr. Henriquez is entitled to credit towards his Federal

sentence for the time served in State custody or whether Mr. Henriquez should serve his sentence in Federal custody". **[Exhibit 4]**.

8. Upon information and belief, the defendant wrote This Court during the month of July 2010, requesting via an informal letter for This Court's assistance in transferring from New York State custody to Federal custody, following defendant's receiving a letter from Mr. Jose A. Santana, Chief of the Designation and Sentence Computation Center of the Federal Bureau of Prisons. This Court denied the request on July 19, 2010 via 'Electronically Filed Document'. **[Exhibit 5]**.

9. On or about December 15, 2010, defendant's counsel (Joel M. Stein, Esq., ) of 39 Broadway, Suite 2420, New York, New York, wrote a letter to This Court which was delivered upon information and belief, BY HAND AND FAX to this Court with a copy to Assistant United States Attorney (Jessica Massella, Esq.,) BY HAND AND FAX, requesting inter-alia This Court to reconsider its order dated May 24, 2010. **[Exhibit 6]**. There was (upon information and belief) no response to counsel's letter of request. Please note: counsel brought This Court's attention to the fact that counsel on September 20, 2007 submitted a letter to This Court asking authorization to be compensated as CJA counsel for services in the state court in that related but separate prosecution in state court, and that This Court so-ordered that request on October 15, 2007, thus This Court was in fact aware of the State Court issue prior to sentencing in Federal Court as such sentencing took place on October 26, 2007. This Court's statement that it had no knowledge of the State prosecution is in error, and defendant respectfully asks that such, be noted by This Court.

10. In so far as This Court's sentence predated the State Court sentencing, and the term of imprisonment much greater than the State sentence, the defendant should have been transferred from his later State Court sentencing, back into Federal custody as the State Court's sentence is

and was designated to be served (concurrent to) defendant's Federal sentence. Such as it is presently, defendant's State imprisonment in conjunction with his Federal sentence, instead of running concurrent as ordered by the State sentencing court, converts to (consecutive imprisonment) and changes a 15 year imprisonment into one of thirty-five (35) years because his Federal sentence is not being credited to his State sentence. For this reason, defendant respectfully petitions This Court for an Order directing his transfer into Federal custody for the service of his Federal sentence as passed by This Court on October 26, 2007. Because the State sentence is clear that it is to run concurrent with the Federal sentence, there would be no issue relative to any "Nunc pro tunc" aspects before This Court.

11. In citing Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), The Circuit Court of Appeals held in pertinent part:

> "Bureau had discretion to order concurrency where federal sentence was imposed before state sentence and state judge clearly intended sentences to be served concurrently"

12. Unlike Barden, this defendant has repeatedly requested that his sentence be served in Federal custody due to his Federal sentence both pre-dating his State sentence, and due to the fact of his Federal sentence having an aggregate maximum greater than his State sentence, which was ordered to run concurrent to his Federal sentence. Assuming [arguendo] that This Court would apply the Barden court structure, such does not negate the fact of the Federal sentence being greater than the State.

**WHEREFORE**, Defendant respectfully asks that This Court grant him the relief sought by this instant motion before it, and for any other and further relief as This Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

_William Henriquez_
WILLIAM HENRIQUEZ, DEFENDANT PRO SE
DIN# 08-A-4127
Sing Sing Correctional Facility
354 Hunter Street
Ossining, ?New York 10562

Sworn to before me this the

_25_ day of October, 2011

_____
NOTARY PUBLIC

TYRELL HILL
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY LIC #01HI6297838
COMM. EXP. 6-02-2015

# VERIFICATION

STATE OF NEW YORK      )
COUNTY OF WESTCHESTER) SS.

William Henriquez, inmate number #08-A-4127, being duly sworn, deposes and says: that I have read the foregoing notice of Motion and Supporting Affidavit, and the same is true to my own knowledge, except as to those matters therein described as being upon information and belief, as to those matters, I believe them to be true

                        Respectfully submitted,

                        *[signature]*
                        WILLIAM HENRIQUEZ, DEFENDANT PRO SE
                        DIN# 08-A-4127
                        Sing Sing Correctional Facility
                        354 Hunter Street
                        Ossining, New York 10562

Sworn to before me this the

25 day of October, 2011

*[signature]*
NOTARY PUBLIC

TYRELL HILL
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY L.C. #01HI6097838
COMM. EXP. 5-01-2015